**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SNOW MASTER EVAPORATIVE SNOW
SYSTEMS, INC, a Florida Corporation;

      Plaintiff,

v.                                            CASE NO.  2:18-CV-14009

SMILECLOUDSUSA, INC. a Florida
Corporation;

      Defendant.
_____/

**JOINT SCHEDULING REPORT**

Plaintiffs, SNOWMASTERS EVAPORATIVE SNOW SYSTEMS, INC. and Defendant, SMILECLOUDSUSA, INC. (collectively the "Parties"), by and through their respective counsel and pursuant to this Court's Order Requiring Counsel to Meet and File Joint Scheduling Report and Proposed Order (DE 9), Rule 16.1(b), Local Rules for the Southern District of Florida, and Rule 26(f) of the Federal Rules of Civil Procedure, hereby submit this Joint Scheduling Report.

**I.**      **LOCAL RULE 16.1(b)(2) SCHEDULING CONFERENCE REPORT**

    **(A)**      **LIKELIHOOD OF SETTLEMENT**

        The likelihood of settlement is unknown at this time, given that the parties have not commenced discovery. The parties agree to discuss settlement in good faith and will continue to do so during the pendency of these proceedings.

    **(B)**      **LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES**

        Defendant asserts that the Plaintiff lacks standing to bring this case and, as a result, that the Court lacks subject matter jurisdiction.  Defendant will raise these standing and jurisdictional issues in a Rule 12 Motion to Dismiss.  Plaintiff asserts that, in order to resolve the standing issue raised by Defendant, the Plaintiff, although not conceding that amendment is necessary, may amend the Complaint by adding an additional party to avoid having to litigate the issue of standing.

    **(C)**      **PROPOSED LIMITS ON TIME**

        (i)  To join other parties or to amend pleadings:  April 30, 2018

        (ii)  To file and hear motions:  March 8, 2019

(iii)  To complete discovery:  February 8, 2019

**(D)** **PROPOSALS FOR FORMULATION AND SIMPLIFICATION OF ISSUES**

The Parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

**(E)** **THE NECESSITY OF AMENDMENTS TO THE PLEADINGS**

Defendant asserts that the Plaintiff lacks standing to bring this case and, as a result, that the Court lacks subject matter jurisdiction.  Plaintiff contends that, in order to resolve the standing issue raised by Defendant, the Plaintiff, although not conceding that amendment is necessary, may amend the Complaint to avoid having to litigate that matter.  At this time, the Parties do not anticipate adding any claims.

**(F)** **POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION OR THINGS WHICH WILL AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING AUTHENTICITY OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION OR THINGS, AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE**

Defendant contends that Plaintiff lacks standing. Plaintiff has provided Defendant with a document purporting to transfer the Patent rights to Plaintiff and Defendant has evidence proving that this document is not authentic.  Defendant will be moving to dismiss the Complaint for lack of standing.  Should Plaintiff rely on any documents in an effort to prove that Plaintiff has standing, Defendant requests that it be entitled to immediate preservation and production of any such documents, as well as: (i) production of the original documents for forensic inspection and testing for authenticity, (ii) all communications concerning the documents and (iii) all communications concerning a September 2015 draft assignment agreement sent to inventor Brian Glover.

Defendant requests an early deposition of Francisco Guerra and Roy Baston limited in scope to these documents and communications and Plaintiff's assertion in the Complaint that it owns the asserted patents.

Separate from evidence relating to these standing and jurisdictional issues, the parties will cooperate to obtain admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, and stipulations regarding authenticity of documents and electronically stored information.

**(G) SUGGESTIONS FOR AVOIDANCE OF UNNECESSARY PROOF**

The parties expect to cooperate to eliminate unnecessary and cumulative evidence.

**(H) SUGGESTIONS ON REFERRING MATTERS TO THE MAGISTRATE JUDGE**

The Parties agree to refer discovery matters to the Magistrate Judge. The Parties do not consent to a trial before a United States Magistrate Judge.

**(I) ESTIMATE OF TIME REQUIRED FOR TRIAL**

The Parties anticipate that the trial will take three (3) to four (4) days.

**(J) REQUESTED DATES FOR PRETRIAL CONFERENCE AND TRIAL**

The Parties request a Pretrial Conference ten (10) days before trial.  The Parties request that the Court set this matter for a trial calendar commencing no earlier than:  June 7, 2019

**(K) ISSUES CONCERNING DISCLOSURE, DISCOVERY OR PRESERVATION OF ELECTRONICALLY-STORED INFORMATION, CLAIMS OF PRIVILEGE OR PROTECTION AS TRIAL-PREPARATION MATERIALS, AND ESI CHECKLIST**

Defendant contends that Plaintiff lacks standing. Plaintiff has provided Defendant with a document purporting to transfer the Patent rights to Plaintiff and Defendant has evidence proving that this document is not authentic.  Defendant will be moving to dismiss the Complaint for lack of standing.  Should Plaintiff rely on any documents in an effort to prove that Plaintiff has standing, Defendant requests that it be entitled to immediate preservation and production of any such documents, as

well as: (i) production of the original documents for forensic inspection and testing for authenticity, (ii) all communications concerning the documents and (iii) all communications concerning a September 2015 draft assignment agreement sent to inventor Brian Glover.

Defendant requests an early deposition of Francisco Guerra and Roy Baston limited in scope to these documents and communications and Plaintiff's assertion in the Complaint that it owns the asserted patents.

Independent of these issues, the Parties intend to cooperate to the greatest extent possible concerning disclosure, discovery and preservation of electronically-stored discovery.

**(L)** **OTHER INFORMATION**

Because this is a patent infringement action wherein the parties anticipate requesting a ruling from the Court on issues of claim construction that will be critical to each party, the parties believe that an early claim construction ruling will benefit the parties and the Court. The parties attach as Attachment A a proposed schedule for the relevant deadlines in this matter.

The parties have agreed to exchange discovery via electronic mail, as follows:

| | | |
|---|---|---|
| To Plaintiff: | nkodsi@ndkodsilaw.com; | |
| | dwbarman@gmail.com | |
| To Defendant: | jleroy@brookskushman.com; | |
| | cnikkila@brookskushman.com | |

**II.** **PROPOSED SCHEDULING ORDER**

A Proposed Scheduling Order is submitted simultaneously with this Proposed Joint Scheduling Report.

Defendant's willingness to cooperate with Plaintiff to present the Court with a Proposed Scheduling Order pursuant to the Local Rules and the February 16, 2018 Order (Dkt. #9) should not act to prejudice Defendant's objections addressed above with respect to standing and the Court's subject matter jurisdiction over this case.

Dated this 20th day of February, 2018.          Respectfully submitted,

| **COUNSEL FOR PLAINTIFFS:** | **COUNSEL FOR DEFENDANT:** |
|---|---|
| By: */s/ Neil D. Kodsi* <br> Neil D. Kodsi, Esq. <br> Florida Bar No. 0011255 <br> E-mail: nkodsi@ndkodsilaw.com <br> THE LAW OFFICES OF NEIL D. KODSI <br> 1666 J.F. Kennedy Causeway, Suite 420 <br> North Bay Village, FL 33141 <br> Tel. (786) 464-0841 <br> Fax. (954) 790-6722 | By: /s/ *John S. LeRoy* <br> John S. LeRoy, Esq. (*admitted pro hac vice*) <br> BROOKS KUSHMAN, P.C. <br> 1000 Town Center, Twenty-Second Floor <br> Southfield, Michigan 48075 <br> Telephone: (248) 358-4400 <br> Facsimile: (248) 358-3351 <br> Email: jleroy@brookskushman.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*Neil D. Kodsi*
Neil D. Kodsi, Esq.
Florida Bar #0011255